UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL L. DENIGHT,      ) | |
| )| |
| Petitioner,     ) | |
| ) | |
| v.     ) | Case No. 2:15-cv-02115-SLD |
| ) | |
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| Respondent.     ) | |
| ) | |

ORDER

Before the Court are Petitioner Denight's application to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1; and the government's motion to dismiss that application, ECF No. 5. For the following reasons, the government's motion is GRANTED and the application DENIED.

**BACKGROUND[1]**

On February 13, 2012, a woman noticed a video recording device in the bathroom of the Espresso Royale coffee shop in Champaign, Illinois. She reported this to staff, who noticed Denight walk toward the women's bathroom and then quickly leave the shop. The camera had disappeared when staff went to look at the bathroom. Denight left several items behind him at the Espresso Royale, including a cellular phone and bills bearing his name and address in Mahomet, Illinois. Police were summoned. Officers searched Denight's name in law enforcement databases, and showed his photograph in a photo lineup to an Espresso Royale employee who had seen Denight leave. She identified Denight.

---

[1] The facts listed here are drawn from Respondent's motion to dismiss, except where otherwise noted. Citations to the docket of the federal proceedings that resulted in Denight's sentence, *United States v. Denight*, 2:12-cr-20018-MPM-DGB-1 (C.D. Ill. 2013), will appear in the format "CR __."

1

Officers went to Denight's house in Mahomet, where he consented to be interviewed. Denight explained that over a course of years, he had used concealed cameras of his own design and construction to record women and girls naked in his home, in public bathrooms, and in shopping center bathrooms. The recording was apparently always surreptitious, and resulted in both video and still images that Denight would store on hard drives and other data storage devices. The police subsequently found cameras and digital storage devices in his home. They did so pursuant to a warrant, which also granted permission to search the cell phone officers had taken from the Espresso Royale. Ultimately, hundreds of images of women and girls were found on the storage devices. A detective later confirmed with at least six women who had been minors at the time the images were taken that the images were of them.

The United States filed a criminal complaint on February 17, 2012, naming Denight and describing the facts related above, CR ECF No. 1. An indictment followed on March 7, 2012, CR ECF No. 12. The indictment charged Denight with (I–VI) six counts of enticing or coercing the six identified victims to engage in sexually explicit conduct for the purpose of producing visual representations of the conduct, in violation of 18 U.S.C. §§ 2251(a) and (e); (VII) a count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2); and a forfeiture count. Indictment 1–8. On May 17, 2013, Denight pleaded guilty to all counts. May 17, 2013 CR Minute Entry. On November 25, 2013, the court sentenced Denight to 180 months of incarceration on Counts I–VI and 120 months on Count VII, with all terms of incarceration to run concurrently. Nov. 25, 2013 CR Minute Entry. Judgment entered on November 26, 2013. Judgment, ECF No. 44. Denight did not appeal.

He filed the instant application for relief under § 2255 on May 26, 2015. After being ordered to respond, the government moved to dismiss.

2

## DISCUSSION

**I.      Legal Standard on a Motion to Vacate Sentence Under 28 U.S.C. § 2255**

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced."). When presented with a § 2255 motion, a district court must hold an evidentiary hearing on the applicant's claim, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner seeking to vacate his sentence has one year to do so, from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

3

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)–(4). Because § 2255's one-year window is procedural rather than jurisdictional, courts may equitably toll the statute to permit untimely filings under extraordinary circumstances. *Nolan v. United States*, 358 F.3d 480, 483–84 (7th Cir. 2004). For equitable tolling to apply, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

**II.   Analysis**

The government argues in support of its motion that Denight's petition is untimely, Mot. Dismiss 6–7, and that *Riley v. California*, 134 S. Ct. 2473 (2014), upon which Denight in part relies, does not apply retroactively to Denight's case. The government is correct on both scores.

Denight's application for § 2255 relief is untimely. A criminal conviction becomes final for purposes of § 2255's one-year limitation period when the time for contesting that conviction expires. *Rickette v. United States*, No. 10 C 7579, 2011 WL 760004, at *2 (N.D. Ill. Feb. 25, 2011); *see also Clay v. United States*, 537 U.S. 522, 532 (2003) (appellate court's affirmance of district court's judgment against a defendant becomes final after the time to petition for cert has elapsed). Denight had fourteen days after the court's entry of judgment on November 26, 2013 to file any appeal, which he did not do; thus, the judgment became final, and § 2255's one-year clock began running, on December 11, 2013. *See* Fed. R. App. P. 4(b)(1)(A). Denight's application, filed on May 26, 2015, was thus about six months late. Denight offers no excuse or explanation for his lateness, instead asking the court to exercise discretion and consider his petition anyway. Reply 1, ECF No. 7. The Court has no such discretion. Denight's petition is time-barred.

4

Denight is correct that rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review may be asserted up to one year from the recognition of the new right. 28 U.S.C. § 2255(f)(3). But *Riley*, which held that officers "must generally secure a warrant" before searching the data on a cell phone, *Riley*, 134 S.Ct. at 2485, is of no help to Denight for several reasons. First, and most obviously, *Riley* does not apply to the facts of Denight's case, because the police did not search his phone without a warrant. They seized the phone and correspondence that Denight had abandoned at the Espresso Royale, but only searched the phone itself once they had secured a warrant. *Riley* requires nothing more. *See Riley*, 134 S.Ct. at 2487 (explaining that officers may still examine phones physically pursuant to arrest, but must obtain warrants to review the information contained on the phones). Second, the images Denight was charged with creating and possessing were stored on the physical storage media at his home, and not on the phone. And third, as the government observes, new procedural rules, like the one announced by *Riley*, apply on collateral attacks to convictions only if they are "'watershed rul[es] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 417 (2007) (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)); *see Teague v. Lane*, 489 U.S. 288, 311 (1989). The exception is extremely narrow and, to apply, must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Whorton*, 549 U.S. at 418 (quoting *Tyler v. Cain*, 533 U.S. 656, 665 (2001)). No court has recognized *Riley*'s rule as such an exception; this Court need not and will not.

A petitioner may only appeal a district court's final order on a § 2255 proceeding if a certificate of appealability issues. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court enters a final order adverse to the

applicant, it must issue or deny a certificate of appealability. 2254 R. 11(a). A certificate of appealability will issue only for those issues upon which "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that reasonable jurists could not debate whether Denight's petition is time-barred, or whether *Riley* operates to make the application timely. A certificate of appealability is denied.

## CONCLUSION

Accordingly, Respondent's motion to dismiss, ECF No. 5, is GRANTED, and Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, DENIED. A certificate of appealability shall not issue. The Clerk is directed to enter judgment and close the case.

Entered this 5th day of June, 2017.

                                                                                 s/ Sara Darrow
                                                                                 SARA DARROW
                                                                    UNITED STATES DISTRICT JUDGE